ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE et al., <br><br> *Defendants-Appellants*, <br><br> v. <br><br> URBAN SUSTAINABILITY DIRECTORS NETWORK et al., <br><br> *Plaintiffs-Appellees*. | Case No. 25-5370 |

**PLAINTIFFS-APPELLEES' MOTION TO HOLD APPEAL IN ABEYANCE PENDING OUTCOME OF RELATED CASES**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Plaintiffs-Appellees Urban Sustainability Directors Network, Agroecology Commons, Institute for Agriculture and Trade Policy, Oakville Bluegrass Cooperative, and Providence Farm Collective Corp. (collectively "Plaintiffs") respectfully move this Court to hold in abeyance the appeal filed by Defendants-Appellants United States Department of Agriculture ("USDA"), numerous USDA sub-agencies, and the Department of Government Efficiency ("DOGE") (collectively, "Defendants"), so that the opening merits brief will not be due until for 30 days after this Court has rendered decisions in *Vera Institute of Justice v.*

1

*U.S. Department of Justice*, No. 25-5248 (D.C. Cir. argued Oct. 14, 2025), and *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (D.C. Cir. pet. for reh'g en banc fully briefed Sep. 2, 2025). These two cases are already fully briefed before a panel of this Court—one has been argued while the other is awaiting argument on the pending en banc petition—and each raises issues the resolution of which may affect the arguments or outcome in this litigation. A stay pending the outcome of these other cases is therefore in the interest of judicial economy and will avoid unnecessary litigation.

Counsel for Plaintiffs conferred with counsel for Defendants, who state the following: "The government does not believe abeyance is warranted at this time, but may revisit the issue when the Court has set a briefing schedule."

## ARGUMENT IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE PENDING OUTCOME OF RELATED CASES

Plaintiffs are five nonprofit organizations that received various grants from USDA through statutorily authorized federal funding programs. The grants funded projects to plant trees to expand urban tree canopies; promote the adoption of more regenerative agricultural practices, plant specialty crops, and create new markets; support beginning and underserved farmers with educational resources, training, and programs; provide land access; and develop local and regional food systems. *Urb. Sustainability Dirs. Network v. USDA*, No. 25-1775, 2025 WL 237428, at *2–4 (D.D.C. Aug. 14, 2025). After the change in Administration, each Plaintiff—

2

along with hundreds of other organizations—received a form letter terminating its grant and stating without sufficient explanation that the award no longer effectuated agency priorities. *Id*. at *5–7.

Following these grant terminations, Plaintiffs brought this lawsuit. *Id*. at *8. Their challenge alleged that Defendants' policy and practice of terminating grants *en masse*, using form letters, without adequate justification, and contrary to regulatory requirements was arbitrary and capricious and contrary to law and thus a violation of the Administrative Procedure Act ("APA"). *Id*. at *8–9. Certain Plaintiffs also argued that their terminations ran contrary to the statutory authority for the relevant programs and thus Defendants' actions were *ultra vires* and violated the APA. *Id*. at *9–10. Plaintiffs asked the court to vacate the terminations and enjoin Defendants from further terminating grants pursuant to the unlawful policy and practice, and to restore them to the condition they were in before Defendants' illegal actions. *Id*. at *10. After filing an amended complaint, Plaintiffs moved for a preliminary injunction.

On August 14, 2025, the district court issued a ninety-two page decision granting in part the motion for preliminary injunction. The court first found that it had jurisdiction over the matter. After acknowledging the uncertain state of the law on this question in light of recent Supreme Court emergency stay orders, the court ultimately concluded that the Tucker Act did not preclude jurisdiction for two

reasons: (1) the grants are not contracts under existing Federal Circuit case law because they lack consideration; and (2) the rights asserted do not stem from the grant agreements themselves but rather from regulatory, statutory, and constitutional law, and the relief sought is equitable, not contractual, in nature. *Id*. at *15. The court also held that Plaintiffs showed a likelihood of success on the merits of their claim that the termination of their grants was arbitrary and capricious, and for certain Plaintiffs, contrary to the authorizing statutes for the grant programs. *Id*. at *21–36. It therefore ordered Defendants to reinstate Plaintiffs' grants while the matter proceeded to the merits.[1] *Id*. at *41.

On October 10, 2025, fifty-seven days after the decision, Defendants filed this appeal. In the interim, Defendants filed their answer (August 29, 2025) and submitted an initial administrative record (September 17, 2025). The parties also met and conferred on deficiencies in that record throughout September, and Defendants agreed to conduct additional searches to complete the record and prepare this case for cross-motions for summary judgment.

---

[1] In addition to challenging their individual grant terminations, Plaintiffs also allege that Defendants have an unlawful policy of broadly terminating grants in an arbitrary and capricious manner that is contrary to law. In its preliminary injunction decision, the district court determined there was not yet sufficient evidence to show an unlawful policy and that resolution of this question required a review of the administrative record. *Urb. Sustainability Dirs. Network*, 2025 WL 237428, at *21, *24. Therefore, its order only provided injunctive relief as to Plaintiffs' specific awards.

Prior to Defendants' filing of this appeal, this Court reviewed briefing and heard argument in several cases that raise similar issues to those that will likely arise in this appeal. The central question of many of these cases is whether the district court has jurisdiction over disputes involving APA and *ultra vires* claims related to the termination of federal grants.

For example, in *Climate United Fund*, the plaintiffs challenged the Environmental Protection Agency's ("EPA") freeze and ultimate termination of grant funds and cancellation of a congressionally mandated program related to the financing of clean-energy projects. *Climate United Fund v. Citibank, N.A.*, 154 F.4th 809, 817–18 (D.C. Cir. 2025). Like here, the freeze and termination of that program were premised on policy-based decisions by the new Administration. *Id*. at 818. A split panel of this Court held that the district court lacked jurisdiction to hear the plaintiffs' APA claims because the Tucker Act vested sole jurisdiction for such claims—which it found to be contractual in nature—in the Court of Federal Claims. *Id*. at 819–25. The panel also rejected the plaintiffs' *ultra vires* claims, finding that the regulatory and statutory violations on which they were based were "essentially contractual." *Id*. at 826. And the panel concluded that EPA did not violate Congress's spending directives as set forth in the Inflation Reduction Act when it terminated the plaintiffs' grants. *Id*. at 827. The plaintiffs filed a petition for rehearing en banc, which, as of September 30, 2025, has been fully briefed.

Likewise, in *Vera Institute of Justice*, the plaintiffs appealed a district court decision that dismissed for lack of jurisdiction a challenge to the Department of Justice's mass termination of grants to support crime victims. *See Vera Inst. of Just. v. U.S. Dep't of Just.*, No. 25-cv-1643, 2025 WL 1865160 (D.D.C. July 7, 2025). The complaint alleged that the terminations—which, like those at issue in *Climate United Fund* and here, were based on the new Administration's policy priorities—were arbitrary and capricious and contrary to law under the APA, were *ultra vires* actions, and violated the U.S. Constitution. *Id*. at *1. Though the district court found the terminations "unquestionably arbitrary," "shameful" and "likely to harm communities and individuals vulnerable to crime and violence," it nonetheless dismissed the claims based on its view that it lacked jurisdiction. *Id*. In particular, the court found the plaintiffs' claims to be disguised breach of contract claims. *Id*. at *8. The plaintiffs filed an appeal, which is now fully briefed. A panel of this Court heard oral argument in the case on October 14, 2025.

Thus, various panels of this Court have pending before them cases that touch upon issues that are central to this litigation. Though Plaintiffs do not now know whether the ultimate decisions in those matters will be dispositive of this case, each appeal raises jurisdictional, statutory, and *ultra vires* issues that are certain to bear on—if not determine—the arguments here. For example, this Court could issue a decision in one of these cases that clearly delineates whether and when APA or other

6

statutory or *ultra vires* challenges to grant terminations based on government policy decisions belong in district court—a decision that could impact the jurisdictional arguments that Defendants will almost certainly raise here.

Given the determinative effect these cases may have on the present litigation, this Court should hold the appeal in this case in abeyance pending the outcomes in the above-mentioned cases. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When deciding whether to issue a stay, a court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55). A stay is appropriate when this balance tips in favor of "'judicial economy and avoiding unnecessary litigation.'" *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008) (quoting *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005)).

Here, given the overlap in issues raised in this case and in those already pending before this Court, a stay of the appeal would promote judicial economy and avoid unnecessary litigation. Absent a stay, the parties and panel here would expend time and resources briefing and hearing arguments that may be decided or otherwise

shaped by one or both of the cases already fully briefed before this Court. A stay is particularly appropriate in this matter as Defendants have shown no urgency in pursuing this appeal—waiting until almost the deadline to file their notice of appeal. At the same time, they have not sought to stay proceeding in the district court. Instead, they have prepared the administrative record and proceeded towards summary judgment, where a decision would moot this appeal entirely. For these reasons, there is good cause to hold this case in abeyance until this Court issues final decisions in *Climate United Fund* and *Vera Institute*.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court hold this case in abeyance pending the outcomes of *Climate United Fund* and *Vera Institute*, and order that briefing on the merits of the appeal will commence 30 days after the last of these decisions in this Court, including resolution of any petitions for en banc review.

Dated: November 17, 2025

Respectfully submitted,

/s/ Carrie Apfel
Carrie Apfel
DC Bar No. 974342
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
capfel@earthjustice.org

David S. Muraskin
DC Bar No. 1012451
FarmSTAND
712 H Street NE
Suite 2534
Washington, DC 20002
202-595-8816
david@farmstand.org

Holly Bainbridge
DC Bar No. 90021466
FarmSTAND
712 H Street NE
Suite 2534
Washington, DC 20002
202-595-8816
holly@farmstand.org

*Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Times New Roman 14-point, a proportionally spaced font, and the motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,780 words, according to the word count of Microsoft Word.

Dated: November 17, 2025                             /s/ Carrie Apfel
                                                     Carrie Apfel